UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUL -9 P 12: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

Lamont Childers,

V.

Nancy White,
General Counsel

Department Of Correction,

## COMPLAINT FOR DECLARTORY AND INJUNTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, to order the production of agency records, consisting of all records concerning the commission received by the Department of Correction, from Keef Canteen Services from March of 2000 - December of 2003, Commission received by the Department of Correction from Canteen Corporation from January of 2000 - December of 2003, and the Commission received by the Department of Correction from the inmate telephone system from January of 2000 - December of 2003.

2.   This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B).

3.   Plaintiff Lamont Childers is a citizen of the Commonwealth of Massachusetts, and the United States. He is the requester of the withheld records.

(1)

4. Nancy White is the General counsel for the Department of Correction which is a state agency in the Commonwealth of Massachusetts, and the United States, and it has possession of and control over the records that plaintiff seeks.

5. By letter mailed first on December 29, 2003, to Nancy White General Counsel for the Department Of Correction, then again on June 25, 2004, after the Secretary of the Commonwealth informed Ms. White concerning her reasonablities under the public records law, plaintiff requested all records submitted since March of 2002 through December of 2003 concerning the Department of Correction commission from Canteen (Keef Canteen Services), Canteen Corporation from January 2000 through December of 2003, and the commission received from the inmate telephone system from January of 2000 through December 2003..

6. Over ten working days have passed since the General Conusel received plaintiff's letter, and he has received no written response to his request.

7. Plaintiff has a statutory right to the records that he seeks, and there is no legal basis for defendant's refusal to disclose them to him.

WHEREFORE, plaintiff prays that this Court:
(1). Declare that defendant's refusal to disclose the records requested by plaintiff is unlawful;
(2). Order defendant to make the requested records available to plaintff;
(3). Award plaintiff his costs and reasonable attorneys fees in this action; and

(4). Grant such other and further relief as the Court may deem just and proper.

                                 Respectfully Submitted

                                    Lamont Childers
                                MCI-NORFOLK UNIT 7-1
                                Post Office Box 43
                              Norfolk, Mass 02056-0043

July 7, 2004

(3)

Mr. Lamont Childers, W-63751
MCI-NORFOLK UNIT P-2
Post Office Box 43
Norfolk, Mass 02056

12-29-03

EXHIBIT A

Ms. Nancy White
General Counsel
Department of Correction
Boston, Mass 02110-1300

RE: FREEDOM OF INFORMATION/PRIVACY ACT/
THE MASSACHUSETTS PUBLIC RECORDS REQUEST ACT:

Greetings, Counselor:

Pursuant to Title 5 U.S.C. §552 & 552(a), The Freedom of Information And Privacy Act, and pursuant to M.G.L. c. 4 §7, and M.G.L. c. 66 §10(a), The Massachusetts Public Records Request Act. I hereby respectfully request access to and copies of the following information:

(1). A copy of the commission received by the Department of Correction from Keef Canteen Services from March of 2002 - December of 2003.

(2). A copy of the commission received by the Department of Correction from Canteen Corporation from January of 2000 - December of 2003.

(3). A copy of the commission received by the Department of Correction from the inmate Telephone System from January of 2000 - December of 2003.

(1)

(4). Pursuant to Title 5 U.S.C. §552(6)(a)(i), your
office has (10) Ten Working Days following
the recipt of this request to provide the information
and or materials sought.

(5). If for any reason this information can not
be provided within the (10) Ten Working Days,
kindly inform me of the reason in writing before
the end of the (10) Ten Working Days.

(6). Kindly forward me the cost for the copying
of the requested information/material.

Thank you for your time and attention to the enclosed request.

As Always
Respectfully
Lamont Childers, W-63751

Mr. Lamont Childers, W-63751
MCI-NORFOLK UNIT P-2
Post Office Box 43
Norfolk, Mass 02056

June 25, 2004

Ms. Nancy White
General Counsel           EXHIBIT B.
Department of Correction
Boston, Mass 02110-1300

RE: FREEDOM OF INFORMATION/PRIVACY ACT/
<u>THE MASSACHUSETTS PUBLIC RECORDS REQUEST ACT</u>:

Greetings, Counselor:

Pursuant to Title 5 U.S.C. §552 & 552(a), The Freedom of Information And Privacy Act, and pursuant to M.G.L. c. 4 §7, and M.G.L. c. 66 §10(a), The Massachusetts Public Records Request Act. I hereby respectfully request access to and copies of the following information:

(1). A copy of the commission received by the Department of Correction from Keef Canteen Services from March of 2002 - December of 2003.

(2). A copy of the commission received by the Department of Correction from Canteen Corporation from January of 2000 - December of 2003.

(3). A copy of the commission received by the Department of Correction from the inmate Telephone System from January of 2000 - December of 2003.

(1)

(4). Pursuant to Title 5 U.S.C. §552(6)(a)(i), your office has (10) Ten Working Days following the recipt of this request to provide the information and or materials sought.

(5). If for any reason this information can not be provided within the (10) Ten Working Days, kindly inform me of the reason in writing before the end of the (10) Ten Working Days.

(6). Kindly forward me the cost for the copying of the requested information/material.

Thank you for your time and attention to the enclosed request.

As Always
Respectfully

Lamont Childers, W-63751

(2)

Nancy A. White
Page Two
June 15, 2004

     A custodian of a public record shall, within ten days following receipt of a request for inspection or copy of a public record, comply with such request. G. L. c. 66, § 10(b) (2002 ed.).

     In Globe Newspaper Co. v. Commissioner of Education, 439 Mass. 124 (2003), the Supreme Judicial Court concluded that the release of public records within ten days of the receipt of a request to inspect or copy them is presumptively reasonable. Id. at 125.

     **A custodian may assess a reasonable fee for complying with a public records request.** G. L. c. 66, § 10(a) (2002 ed.); see also 950 C.M.R. 32.06(2)(where cost of complying with a public records request is expected to exceed ten dollars ($10.00), custodian shall provide written good faith estimate).

     The failure of a custodian to comply with a public record request by refusing to allow inspection or by refusing to provide a copy of a public record may be a violation of law which may subject you to criminal or civil penalties.

     Mr. Childers has been notified of his right to seek an order from the appropriate Superior Court department, compelling you to comply with his request. It is strongly suggested that you cite an exemption **or** contact Mr. Childers to make arrangements for an inspection or release of the record(s) requested.

                                              Very truly yours,

                                              Alan N. Cote
                                              Supervisor of Records

cc: Lamont Childers