UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAMONT CHILDERS,
          Plaintiff,

          V.                    C.A. No. 04-11582-RWZ

NANCY WHITE, General Counsel,
Department of Correction,

          Defendant.

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is directed to demonstrate good cause why this action should not be dismissed and to pay the $150.00 filing fee for this action or submit an application to proceed without prepayment of fees.

BACKGROUND

On July 9, 2004, plaintiff Lamont Childers, an inmate at MCI Norfolk, commenced this action by filing a complaint against Nancy White, the general counsel for the Massachusetts Department of Correction. He did not submit the $150.00 filing fee for this action or an application to proceed without prepayment of fees.

Childers brings this action under the federal Freedom of Information Act as well as the Declaratory Judgment Act and seeks an order directing the defendant to produce documents concerning the "commission" received by the Department of Correction from the private companies that operated prison canteen and telephone services from 2000-2003. Compl. ¶¶ 1, 5. He alleges that he requested these documents from the defendant in December 2003 and June 2004 and has not received them. Id. at ¶¶ 5-7. Childers attaches as an exhibit a letter addressed to the defendant from the Public Records

Division advising the defendant to either produce the documents or to cite an exemption for not doing so under the Massachusetts Public Records Act. Compl., Ex.

## ANALYSIS

I. Childers Must Pay the Filing Fee or Seek a Waiver of It

A prisoner filing a complaint in this Court must either (1) pay the $150.00 filing fee or (2) file an application to proceed in forma pauperis with a certified prison account statement. See 28 U.S.C. § 1914(a) ($150.00 filing fee); § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized form titled "Application to Proceed Without Prepayment of Fees and Affidavit" for such applications.

Because plaintiff has not submitted the filing fee or an application for waiver of prepayment of the filing fee with a certified prison account statement, he shall be granted additional time to do so. See 28 U.S.C. § 1915(a)(1). If plaintiff fails to timely pay the filing fee or to submit an application with a certified prison account statement, this action will be dismissed without prejudice.[1]

II. The Court May Screen This Action Pursuant to Sections 1915 and 1915A

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"). Pub.L. No.

---

[1] Because plaintiff currently is incarcerated, he is informed that the submission of an application to proceed without prepayment of fees does not relieve him from his obligation to pay the full amount of the filing fee; it simply allows him to proceed without pre-payment of the entire filing fee up-front. 28 U.S.C. § 1915(b)(1), (2). If plaintiff submits a certified copy of his prison account statement, the Court will direct the appropriate prison official to withhold from plaintiff's prison account and pay to the Court an initial payment towards the $150.00 filing fee. The appropriate prison official will also be directed to collect monthly payments from plaintiff's prison account on a continuing basis until such time as the $150.00 statutory filing fee is paid in full. Id.

104-134, 110 Stat. 1321 (1996). Among the changes effected by the PLRA is the requirement that a district court dismiss a complaint filed by a prisoner in forma pauperis "at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim. 28 U.S.C. § 1915(e)(2)(b). Further, all prisoner actions directed against a governmental entity or officer also must be screened on these same bases at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee. 28 U.S.C. § 1915A. This action is subject to dismissal under these standards for lack of subject-matter jurisdiction. See Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (claims lack an arguable basis in law where subject-matter jurisdiction is absent).

### III. The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims

In order for this Court to review plaintiff's claims, it must either have (1) federal question or (2) diversity subject-matter jurisdiction. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) (court has an obligation to inquire sua sponte whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking).

#### A. The Complaint Does Not Involve a Federal Question

Federal district courts have original jurisdiction over "federal question" cases, that is, civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998). Generally, a claim arises under federal law within the meaning of Section 1331 if a federal cause of action

3

emerges from the face of a well-pleaded complaint.  See City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997).  The well-pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint.  Viqueira, 140 F.3d at 17.

      Here, plaintiff brings his claims pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  The FOIA implements a Congressional policy of opening agency action to the light of public scrutiny by requiring federal agencies to adhere to a general philosophy of full agency disclosure.  Dep't of Justice v. Tax Analysts, 42 U.S. 136, 142 (1989) (citations omitted).  The FOIA applies only to federal, not state agencies.  See Philip Morris, Inc., v. Harshbarger, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA ... applies only to federal executive branch agencies"); accord Grand Cent. Partnership, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999) (same; dismissing FOIA claims against New York City Council).[2]  Further, the Declaratory Judgment Act, standing alone, is not an independent source of jurisdiction.  Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950);Akins v. Penobscot Nation, 130 F.3d 482, 490 n. 9 (1st Cir. 1997) (Declaratory Judgment Act does not, by itself, create a substantive cause of action).  Therefore, no federal question exists and this Court does not have federal question subject-matter jurisdiction over plaintiff's claims.  See 28 U.S.C. § 1331; Viqueira, 140 F.3d at 19 (affirming dismissal).

---

[2] Section 552(f) of the FOIA incorporates the definition of "agency" contained in section 551(1) of the Administrative Procedure Act ("APA") by reference.  See 5 U.S.C. § 552(f).  Section 551(1) of the APA defines "agency" as "each authority of the Government of the United States," with a few exceptions not relevant here.  5 U.S.C. 551(1).

CONCLUSION

ACCORDINGLY, plaintiff shall (1) pay the $150.00 filing fee for this action or submit an application to waive prepayment of the filing fee and (2) demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above within 42 (forty-two) days of the date of this Memorandum and Order.

SO ORDERED.

Dated at Boston, Massachusetts, this  21st  day of  July   2004.

                                      s/ Rya W. Zobel
                                      RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE